**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roxanna Orrell,<br><br>            Plaintiff,<br><br>vs.<br><br>Maricopa County, et al.,<br><br>           Defendants. | No. CV 11-01492-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss Claims Within Plaintiff's Second Amended Complaint (Doc. 13), the Response, and the Reply. The Motion seeks to dismiss Counts 2, 3, 4, 6, 7, and Failure to Train claims. Plaintiff's Response conclusorily asserts that the Motion should be denied. This does not meet the responsibility under LRCiv 7.2(c) to file a responsive memorandum. For the reasons stated below, the motion will be granted as to the non-jural defendant Maricopa County Sheriff's Office and as to the international law claims without leave to amend and otherwise denied.

**I.  ANALYSIS**

Maricopa County Sheriff's Office is a non-jural entity and must be dismissed. Plaintiff does not contend otherwise.

Defendants seek to dismiss any claim Plaintiff may be asserting based on international law. Plaintiff does not discuss the challenge. No claim is stated under international law, and any purported claim will be dismissed.

Defendants argue that Plaintiff's notice of claim contained nothing about her causes of action for negligent training and supervision (Count VI) and *respondeat superior* against the Sheriff (Count VI). Arizona law requires:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A). "For purposes of this section," the statute continues, "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." *Id*. § 12-821.01(B). Although this definition of accrual is "[f]or purposes of [§ 12-821.01]," Arizona courts have concluded that the state legislature intended this definition to mirror that of the typical "discovery rule" — or in other words, it does not differ from accrual of the cause of action for purposes of statutes of limitations. *Stulce v. Salt River Project Agric. Improvement & Power Dist.*, 197 Ariz. 87, 90, 3 P.3d 1007, 1010 (Ct. App. 1999).

Though general, the notice was sufficient as to the factual basis of the claims. The Court notes that Count IV for intentional infliction of emotional distress does not allege facts sufficient to meet the strict standards of Arizona law for that tort.

The allegations concerning municipal liability are sufficient to meet federal pleading standards.

1    IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Claims Within Plaintiff's Second Amended Complaint (Doc. 13) is granted in part and denied in part. Defendant Maricopa County Sheriff's Office is dismissed. Any claims under international law are dismissed. The Motion is otherwise denied.

Dated this 5th day of April, 2012.

_____
Neil V. Wake
United States District Judge