**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roxanna Orrell, | No. CV-11-01492-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for Summary Judgment (Probable Cause; Qualified Immunity) (Doc. 48).

**I.   LEGAL STANDARD**

Summary judgment is proper if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must produce evidence and show there is no genuine issue of material fact. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A material fact is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* On summary judgment, the nonmoving party's evidence is presumed true, and all inferences from the evidence are drawn in the light most favorable to the nonmoving party. *Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987); *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1117 (9th Cir. 2001).

## II. UNDISPUTED FACTS

On July 29, 2010, a protest against a recently enacted Arizona statute concerning illegal immigrants was held on the north side of the Maricopa County Fourth Avenue Jail in Phoenix, Arizona. During the protest, Maricopa County Sheriff's Office deputies arrested a number of people, including Plaintiff. Numerous videotape recordings were made of these events; Plaintiff does not object to the recordings and still photos submitted by Defendants.

The recordings show that some protestors formed a "daisy chain" by connecting themselves to each other through plastic pipes and chaining themselves to a concrete bollard on each side of the jail's sally port. Other protestors sat in front of the "daisy chain" with linked arms to form a "human chain" across the sally port. Hundreds of other people were standing in the driveway to the sally port (hereafter, "the driveway"), on nearby sidewalks, and in the street that intersects with the driveway. Many of the protestors chanted loudly, some used bullhorns, and some used drums. During the protest, one or more deputies used a bullhorn to order the protestors to disperse, clear the driveway, and move to the sidewalk. Orders were given in English and in Spanish. Deputies also used hand signals and gestures to direct the protestors. Some people who did not leave the driveway were arrested.

After multiple orders and warnings had been given, a legal observer was arrested while standing in the concrete gutter at the edge of the driveway. To film the arrest, Plaintiff moved from the sidewalk into the concrete gutter at the edge of the driveway. A few seconds later, she was arrested for violation of A.R.S. § 13-2906 (obstructing a public thoroughfare) and A.R.S. § 28-622 (failure to comply with a police officer). The charges were dismissed before Plaintiff was required to make a court appearance.

## III. ANALYSIS

### A. Probable Cause

Although Plaintiff bears the ultimate burden of proof on the issue of unlawful arrest, Defendants bear the burden of producing evidence that the arresting officers had

- 2 -

probable cause for a warrantless arrest. *Dubner v. Cty. & Cnty. of San Francisco*, 266 F.3d 959, 965 (9th Cir. 2001). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Id.* at 966. Thus, the subjective beliefs of Plaintiff and the arresting officer are not relevant to the probable cause inquiry. Moreover, "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). The evidence must be viewed as it would be by a trained law enforcement officer, "not in terms of library analysis by scholars." *Id.* The only question here is whether, under the totality of the circumstances known to Deputy McGuire at the time he arrested Plaintiff, a prudent person would believe that Plaintiff had committed a crime.

A.R.S. § 28-622(A) provides: "A person shall not willfully fail or refuse to comply with any lawful order or direction of a police officer invested by law with authority to direct, control or regulate traffic." At the time of Plaintiff's arrest, Deputy McGuire knew that orders had been given to disperse immediately and to clear the driveway. Plaintiff does not dispute that the deputies were "invested by law with authority to direct, control or regulate traffic." Some protestors chose to remain in the driveway and to be arrested. Plaintiff moved to the concrete gutter of the driveway immediately after a dispersal order. Under the totality of the circumstances, a prudent person would have believed that Plaintiff committed a crime under A.R.S. § 28-622(A) by willfully failing to comply with an officer's order or direction.

A.R.S. § 13-2906(A) provides: "A person commits obstructing a highway or other public thoroughfare if, having no legal privilege to do so, such person, alone or with other persons, recklessly interferes with the passage of any highway or public thoroughfare by creating an unreasonable inconvenience or hazard." Although "public thoroughfare" is not defined by statute, "street" or "highway" means "the entire width between the

boundary lines of every way if a part of the way is open to the use of the public for purposes of vehicular travel." A.R.S. § 28-101(52).  In 2010, the City of Phoenix owned the property on which the driveway was located, which was designated in the official plat as public right-of-way.  Thus, it is not unreasonable to consider the entire width of the driveway a "highway or public thoroughfare" under § 13-2906(A).

Plaintiff contends that no reasonable officer could have considered her standing where she did as "recklessly interfering" with passage on the driveway or creating an "unreasonable inconvenience or hazard." In this context, "recklessly" means "consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists" and the disregard must constitute a "gross deviation from the standard of conduct that a reasonable person would observe in the situation." A.R.S. § 13-105(10)(c).  A prudent person reasonably could conclude that a person standing in the concrete gutter presents at least an unreasonable inconvenience, and likely a safety hazard, to vehicular passage.  Under the totality of the circumstances, a prudent person would have believed that Plaintiff committed a crime under A.R.S. § 13-2906(A).

### B. Qualified Immunity

Alternatively, Defendants contend that the individual Defendants were protected by qualified immunity. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, __ U.S. __, 131 S. Ct. 2074, 2080 (2011).  Courts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first and may grant qualified immunity on the basis of the second prong alone without deciding the first prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *James v. Rowlands*, 606 F.3d 646, 651 (9th Cir. 2010).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."

1 *Ashcroft v. al-Kidd*, 131 S. Ct. at 2083 (internal quotation and alteration marks omitted).
2 For a right to be "clearly established," there need not be a case directly on point, but
3 "existing precedent must have placed the statutory or constitutional question beyond
4 debate." *Id.* "The principles of qualified immunity shield an officer from personal
5 liability when an officer reasonably believes that his or her conduct complies with the
6 law." *Pearson*, 555 U.S. at 244.

7 Even if probable cause for Plaintiff's arrest could not be decided as a matter of
8 law, any possible constitutional right that Plaintiff had to stand in the concrete gutter of
9 the driveway after orders for immediate dispersal were given was not clearly established.
10 Based on the undisputed evidence here, the arresting deputy reasonably believed that
11 Plaintiff had committed a crime and that her arrest was lawful. Therefore, Plaintiff's
12 claims against the individual Defendants are barred by qualified immunity.

13 IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment
14 (Probable Cause; Qualified Immunity) (Doc. 48) is granted.

15 IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendants
16 and against Plaintiff and that Plaintiff take nothing. The Clerk shall terminate this case.

17 Dated this 4th day of February, 2013.

_____
Neil V. Wake
United States District Judge